IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LLOYD TAFOYA, as Personal Representative
of the Wrongful Death Estate of
KATHERINE HERRERA, deceased;
NICOLAS LEGER, as Personal Representative
of the Wrongful Death Estate of
SAMUEL HERRERA, deceased;
RACHEL HERRERA, DANIEL HERRERA, LOGAN HERRERA,
JUANITA DUNLAP and GEORGE DUNLAP,

      Plaintiffs,

vs.                                                                 Case No._____

NEW PRIME, INC.; JEREMY SCUDDER;
and NEW MEXICO DEPARTMENT OF
TRANSPORTATION,

      Defendants.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 and 1441
BY DEFENDANT NEW PRIME, INC.

      COME NOW Defendant New Prime, Inc. and provides notice that it is removing the state court action described below to the U.S. District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1332 and 1441. In support of their removal notice, Defendant New Prime, Inc. states as follows:

      1.      Plaintiffs commenced this personal injury action in the Fourth Judicial District Court, County of San Miguel, State of New Mexico by filing a "Complaint for Personal Injury, Wrongful Death, and Loss of Consortium" entitled *LLOYD TAFOYA, as Personal Representative of the Wrongful Death Estate of KATHERINE HERRERA, deceased; NICOLAS LEGER, as Personal Representative of the Wrongful Death Estate of SAMUEL HERRERA, deceased; RACHEL HERRERA, DANIEL HERRERA, LOGAN HERRERA, JUANITA DUNLAP*

*and GEORGE DUNLAP, Plaintiffs, v. NEW PRIME, INC.; JEREMY SCUDDER; and NEW MEXICO DEPARTMENT OF TRANSPORTATION, Defendants*, Cause No. D-412-CV-2016-00190 (hereafter "Complaint") on April 13, 2016. (*See* Plaintiff's Complaint for Personal Injury, Wrongful Death, and Loss of Consortium ("Complaint"), attached hereto as Exhibit A).

2. On April 20, 2016, on behalf of Defendant New Prime, Inc., Civerolo, Gralow, & Hill verbally agreed to accept service. (*See* Attorney Affidavit at ¶ 3, attached hereto as Exhibit B).

4. Defendant New Prime, Inc.'s time to answer or remove with respect to the Complaint has not expired.

5. This Notice of Removal is filed in this Court within thirty (30) days of the service on Defendant New Prime, Inc. of the initial pleading in this case. *See* 28 U.S.C. § 1446(b). The state court in which this action was commenced is within this Court's district. As set forth below, this Court has jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DIVERSITY JURISDICTION

6. The decedents, Katherine and Samuel Herrera, were both citizens of Texas. (*See* Complaint at ¶ 3, attached hereto as Exhibit A; Attorney Affidavit at ¶ 5, attached hereto as Exhibit B).

7. The two proposed personal representatives, Plaintiff Lloyd Tafoya and Plaintiff Nicolas Ledger, are, therefore, deemed to also be citizens of Texas. *See* 28 U.S.C. § 1332(c)(2) (diversity of citizenship statute provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). (*See* Attorney Affidavit at ¶ 6, attached hereto as Exhibit B).

8. Plaintiffs Rachel Herrera, Daniel Herrera, Logan Herrera, Juanita Dunlap and George Dunlap are all citizens of New Mexico. (*See* Complaint at ¶¶ 8-12, attached hereto as Exhibit A).

9. Defendant New Prime, Inc. is a Nebraska corporation with its principal place of business in Springfield, Missouri. (*See* Attorney Affidavit at ¶ 8, attached hereto as Exhibit B).

10. Defendant Jeremy Scudder is a citizen of California. (*See* Attorney Affidavit at ¶ 9, attached hereto as Exhibit B).

11. Defendant New Mexico Department of Transportation ("NMDOT") is a state agency and a citizen of New Mexico. (*See* Complaint at ¶ 15, attached hereto as Exhibit A).

12. NMDOT, the non-diverse defendant, was fraudulent joined in this lawsuit solely to disrupt or defeat diversity. (*See* Motion to Dismiss New Mexico Department of Transportation Based on the Doctrine of Fraudulent Joinder, filed May 19, 2016). Defendants filed a Motion to Dismiss NMDOT based on the doctrine of fraudulent joinder. *Id.*

13. As set forth in the Motion to Dismiss, Plaintiffs allege that NMDOT "negligently maintained" eastbound Interstate 40 by leaving flashers on "signs activated that wrongly told the traveling public that Interstate 40 was closed and that all eastbound vehicles had to exit at Exit 277 when, in fact, the interstate was open." (*See* Complaint at ¶ 5, Attached hereto as Exhibit A). However, as set forth in the Affidavit of Frank Madrid, the District 4 Staff Manager for NMDOT, the battery-operated signs were not operational on the day of the accident. (*See* Motion to Dismiss New Mexico Department of Transportation Based on the Doctrine of Fraudulent Joinder, filed May 19, 2016). Further, there is no causal nexus between the battery-operated signs and the underlying motor vehicle accident. *Id.*

14. Therefore, complete diversity of citizenship exists for the purposes of this Court's original jurisdiction over the subject matter of this lawsuit.

15. In their Complaint, Plaintiffs allege they suffered damages, including value of the lives of Katherine Herrera and Samuel Herrera, pain and suffering, funeral and burial expenses, lost income, property damage, emotional distress due to loss of society, guidance and companionship, and loss of consortium. They also seek recovery for past and future general damages including pain, suffering, mental anguish and loss of enjoyment of life. (*See* Complaint at ¶¶ 36-37, 56-59, Prayer for Relief, Attached hereto as Exhibit A).

16. Plaintiffs seek damages for the deaths of both Katharine and Samuel Herrera. (*See* Complaint at ¶ 4, Attached hereto as Exhibit A). Plaintiffs also seek damages for emotional distress, loss of consortium lost earnings, expenses, and punitive damages. (*See* Complaint at Prayer for Relief, Attached hereto as Exhibit A). Based on conversations with opposing counsel, Plaintiffs seek in excess of the $75,000 amount in controversy. (*See* Attorney Affidavit ¶ 15, attached hereto as Exhibit B).

17. This Notice of Removal is filed in this Court within thirty (30) days of the acceptance of service of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b)(3). The state court action was commenced less than one year from the date of this Notice of Removal. *See* 28 U.S.C. § 1446(c)(1). The state court in which this action was commenced is within this Court's district. As set forth, this Court has jurisdiction over the subject matter of this lawsuit. Therefore, this action is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

18. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441, in that it is a civil action between

4

citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. (*See* Attorney Affidavit at ¶ 16, attached hereto as Exhibit B).

19. Defendants are concurrently filing a Notice to Adverse Parties of Removal to Federal Court, with the clerk of the Fourth Judicial District Court, County of San Miguel, State of New Mexico, pursuant to 28 U.S.C. § 1441(b), together with this Notice.

20. Pursuant to D.N.M. LR-CIV 81.1(a), Defendants will submit copies of the records and proceedings from the state court action within thirty days of its filing of this Notice of Removal.

21. Venue is appropriate in the U.S. District Court for the District of New Mexico because the alleged actions and/or omissions occurred in New Mexico.

22. Defendant Jeremy Scudder consents to removal.

23. Defendant NMDOT consents to removal.

24. Defendant NMDOT waives its Eleventh Amendment immunity. (*See* Motion to Dismiss New Mexico Department of Transportation Based on the Doctrine of Fraudulent Joinder at footnote 1, filed May 19, 2016).

        Respectfully submitted,

        CIVEROLO, GRALOW & HILL,
        A Professional Association

        By_____
          Lance D. Richards
          Megan Day Hill
          *Attorneys for Defendants*
          *New Prime, Inc. and Jeremy Scudder*
          P.O. Drawer 887
          Albuquerque, NM 87103-0887
          (505) 842-8255

CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true copy of the foregoing *Notice of Removal* to Federal Court was filed electronically through the U.S. District Court for the District of New Mexico's CM/ECF filing system on May 19th, 2016, which caused the following attorneys to be electronically served as follows:

| *Attorneys for Plaintiffs* | *Attorneys for New Mexico Department of Transportation* |
|---|---|
| Mark Baker<br>Peifer Hanson & Mullins, PA<br>P.O. Box 25246<br>Albuquerque, NM 87125-0245<br>(505) 247-4800<br>mbaker@peiferlaw.com | Ripley B. Harwood, PC<br>1700 Louisiana Blvd NE, Suite 240<br>Albuquerque, NM 87110-7008<br>(505) 299-6314<br>ripharwoodrbhpc@gmail.com |

_____
Lance D. Richards
Megan Day Hill